OPINION of the Court, by
Judge Clark
Will'iam Todd obtained a judgment in the Fayette circuit court against William M’Rean, James and David M’-Counand Robert Frazier, for two hundred and fifty dollars, with interest from the 19th of December 1809 until paid, on a petition in substance as followeth : « William Todd, plaintiff, states that he holds a note on ^le defendants William M’jBean, James and David M’Coun, trading under the firm of James and David M’Coun, in substance as follows : Three years after date we promise to pay to William Todd, or his heirs or assigns, two hundred and fifty dollars, value received, payable in the following proportions, to wit, one moiety bv William M’Rean, one sixth part by James and David M’Coun, one sixth part by H. Cl.iv, and the remaining one sixth part by Robert Frazier — -Given under our hands and seals this 19th day of Ds «-ember 1806.” Signed by those mentioned in the bond. On this petition a summons issued, which was served on all except Henry Clay, as to whom it was returned not found. The appellants failing to enter an appearance, judgment was taken by default: from which they have appealed to this court.
If the obligation upon which this suit was brought is (as the appellee seems to have it considered) a joint one, it was erroneous to take a judgment against part of the appellees only- — See the cases of Shields vs. Fer-iins, (ante 227,) and Todd vs. M'Bean, &c. decided this term.
There are some doubts whether this obligation ought tobe considered as a joint or several one. Rffvcver» we think the sound construction would be to consider it as a several obligation. The apportionment of the sum was intended to shew the obligation of each respective-; ly to the appellee, beyond which they should not be rendered liable, and not to shew the extent of each c * obligation as among themselves though individually answerable for the aggregate amount of Ae debt, la *321 this point at view the suit should have been a separate, and not ajoint one ; the debt being separate the action should have conformed to it.
Judgment reversed, with directions to the inferior court to dismiss the suit.